UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ENDURANCE AMERICAN SPECIALTY<br>INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 17-1293 |
| DUAL TRUCKING AND TRANSPORT,<br>LLC f/k/a CAPITAL TRANSPORTATION<br>LOGISTICS, LLC, ET AL. | SECTION "N" (3) |

## ORDER AND REASONS

Presently before the Court is: (1) Defendant Dual Trucking and Transport, L.L.C.'s "Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, Alternatively, for Lack of Proper Venue Based on Forum Non Conveniens" (Rec. Doc. 11); and (2) Defendant Dual Trucking, Inc.'s "Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, Alternatively, for Lack of Proper Venue Based on Forum Non Conveniens" (Rec. Doc. 12). Plaintiff Endurance American Specialty Insurance Company has filed a single memorandum in opposition (Rec. Doc. 18) to both motions, to which Dual Trucking and Transport, L.L.C. has replied. *See* Rec. Doc. 21. Having carefully considered the supporting and opposing submissions, the record, and the applicable law, **IT IS ORDERED** that the motions are **DENIED WITHOUT PREJUDICE** for the reasons stated herein.

### I. BACKGROUND

The instant matter is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201, 28 U.S.C. § 2202, and Rule 57 of the Federal Rules of Civil Procedure. (Rec. Doc. 1 at p. 1). Specifically, Plaintiff Endurance American Specialty Insurance Company ("Endurance") requests that this Court determine the parties' rights and obligations under various contracts of insurance

1

issued by Endurance to Defendants Dual Trucking and Transport, L.L.C. ("DTT") and Dual Trucking, Inc. ("DTI"). *Id*.

Endurance is presently providing a defense to both DTT and DTI, pursuant to a reservation of rights, in two lawsuits that are pending in Montana state court: (1) *Garth L. Harmon and Wagner Harmon v. Dual Trucking, Inc., et al.*, No. DV-15-15, 15th Judicial District Court for Roosevelt County, MT, Judge David Cybulski presiding (hereinafter, "Harmon Suit"); (2) *State of Montana Department of Environmental Quality v. Dual Trucking and Transport, LLC*, Cause No. DV-14-67, 15th Judicial District Court for Roosevelt County, MT (hereinafter, "MDEQ Suit"). *Id*. at 2. Endurance explains that,

> The *Harmon Suit* and the *MDEQ Suit* arise out of claims for contamination and property damage due to alleged illegal activities of DTI and DTT, including dumping, disposal, and discharge of allegedly hazardous and toxic waste on property located in Roosevelt County, Montana. The *Harmon Suit* alleges various causes of action for property damage arising out of actions of several parties, including DTI and DTT, including claims based upon breach of contract, negligence, trespass, nuisance, for which the plaintiffs seek compensatory damages, punitive damages and restoration damages. The *MDEQ Suit* was filed by the Montana Department of Environmental Quality ("MDEQ") and asserts claims against DTT arising from alleged violation of certain Montana state laws regarding waste storage and disposal, as well as contamination of the same property located in Roosevelt County, Montana and the MDEQ prays that the court award penalties, issue a permanent injunction against DTT, and mandate the completion of an environmental assessment and clean up/remediation protocol of the affected property by DTT.

*Id*. (emphasis in original). Thus, Endurance filed the present suit seeking a declaration of the parties' rights and obligations pursuant to the contracts of insurance issued to DTT and DTI, under which Endurance is providing a defense in the underlying Harmon Suit and MDEQ Suit. *Id*.

Thereafter, DTT and DTI filed the instant motions to dismiss for lack of subject matter jurisdiction, or alternatively, for lack of proper venue based on *forum non conveniens*. *See* Rec. Doc. 11; Rec. Doc. 12. In their motions, Defendants argue that this Court should abstain from exercising jurisdiction over the instant matter, as abstention is warranted under *Brillhart v. Excess*

*Ins. Co. of Am.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). (Rec. Doc. 11-1 at p. 2; Rec Doc. 12-1 at p. 2). Moreover, Defendants argue that in the alternative, this matter should be dismissed for improper venue under the doctrine of *forum non conveniens*. (Rec. Doc. 11-1 at p. 8; Rec. Doc. 12-1 at p. 8).

## II. <u>LAW AND ANALYSIS</u>

In their motions to dismiss, Defendants first argue that this Court should abstain from exercising jurisdiction over this matter and dismiss Endurance's claims against them for lack of subject matter jurisdiction. *See* Rec. Doc. 11 at p. 1; Rec. Doc. 12 at p. 1. However, while Defendants have framed their motion as motions to dismiss for lack of subject matter jurisdiction, Defendants do not argue that this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Rather, it appears that Defendants urge the Court to exercise its broad discretion to dismiss, rather than to decide, this declaratory judgment action. *RLI Ins. Co. v. Pugh*, No. 6:16-CV-00437, 2016 WL 6208587, at *3 (W.D. La. Sept. 27, 2016), *report and recommendation adopted*, No. 6:16-CV-00437, 2016 WL 6208685 (W.D. La. Oct. 21, 2016) ("Federal courts do not abstain because they lack jurisdiction; rather, abstention reflects a court's prudential decision not to exercise its jurisdiction.").

Endurance brought the instant action for a declaratory judgment pursuant to 28 U.S.C. § 2201, 28 U.S.C. § 2202, and Rule 57 of the Federal Rules of Civil Procedure. (Rec. Doc. 1 at p. 1). The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that,

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The Fifth Circuit has articulated a three-step inquiry for district courts to employ when considering whether to decide or dismiss an action for a declaratory judgment. *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). A district court must consider: (1) whether the action for declaratory judgment is justiciable; (2) whether the district court has the authority to grant declaratory relief in the action; and (3) how to exercise its discretion to either decide or dismiss an action for declaratory judgment. *Id.* (internal citations omitted).

Under the second prong of the analysis, whether the district court has the authority to grant declaratory relief in the action, the Court must assess whether it possesses subject-matter jurisdiction over the instant matter and whether the Anti-Injunction Act would apply to this case. *See Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003) ("The district court also properly concluded that it had the authority to decide the declaratory judgment suit. Diversity jurisdiction was present and the Anti-Injunction Act did not apply. . ."). However, after conducting an analysis of this second prong, it has become apparent to the Court that Endurance has failed to adequately plead jurisdictional facts with respect to the citizenship of the parties.[1]

With regard to subject matter jurisdiction, this Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1). Complete diversity exists between the parties when the citizenship of every plaintiff is diverse from the citizenship of every defendant. *See Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1016-1017, 108 L.Ed.2d 157 (1990) (diversity

---

[1] While DTT and DTI have both entitled their motions, "Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, Alternatively, for Lack of Proper Venue Based on Forum Non Conveniens," neither DTT nor DTI dispute that the instant matter meets the requirements of 28 U.S.C. § 1332. Thus, it appears as though Defendants do not contest that this Court possesses subject matter jurisdiction over the instant matter despite the lack of adequately pleaded jurisdictional facts.

jurisdiction is complete only if there is no plaintiff and no defendant who are citizens of the same state). The burden of proving that complete diversity exists between the parties rests with the party seeking to invoke its jurisdiction. *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (internal citations omitted). Moreover, when subject matter jurisdiction is dependent upon diversity of citizenship, "citizenship should be distinctly and affirmatively alleged." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (internal quotations and citations omitted). Moreover, the failure to adequately allege the basis for diversity jurisdiction mandates dismissal. *Id*. (internal citations omitted).

In the instant matter, Endurance must adequately plead that its citizenship, as a corporation, is completely diverse from DTI, a corporation, and DTT, a limited liability company, in order to avoid dismissal for lack of subject matter jurisdiction. The citizenship of a corporation is determined by every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Swindol v. Aurora Flight Sci. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010)).

However, the citizenship of a limited liability company is determined by the citizenship of each and every one of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, Endurance must "must list the citizenship of each member of each limited liability company to properly allege diversity of jurisdiction." *Bona Fide Demolition & Recovery, LLC v. Crosby Constr. Co. of Louisiana, Inc.*, No. 07–3115, 2009 WL 413504, at *1 (E.D.La. Feb. 18, 2009) (internal citations omitted).

Endurance alleges in its Complaint that it is a corporation organized under the laws of Delaware and "has its administrative offices in New York City." (Rec. Doc. 1 at p. 3). However, while Endurance clarifies that its principal place of business is located in New York City in its opposition memorandum, the Court finds that its citizenship was not "distinctly and affirmatively alleged" in its Complaint. Moreover, Endurance further alleges that "DTI is a corporation organized under the laws of the State of Louisiana doing business in the Parish of Lafayette, Louisiana, but whose Registered Agent is located in the Parish of Terrebonne." (Rec. Doc. 1 at p. 3). Thus, while Endurance alleges DTI's state of incorporation, the Court finds that Endurance has also not adequately plead DTI's principal place of business. Additionally, Endurance alleges that "DTT is a limited liability company organized under the laws of the State of Louisiana doing business in the Parish of Terrebonne." (Rec. Doc. 1 at p. 3). However, as previously noted, this information is not relevant when alleging the citizenship of a limited liability company. The citizenship of each of DTT's members must be properly plead, and Endurance has provided the Court with no information relevant to DTT's members.[2] Thus, Endurance has also not sufficiently plead the citizenship of DTT as a limited liability company.

While the failure to adequately allege the basis for diversity jurisdiction typically mandates dismissal, the Fifth Circuit has held that "a party shall be allowed to amend its complaint in order to make a complete statement of the basis for federal diversity jurisdiction where 'diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist.' " *Stafford*, 945 F.2d at 806 (quoting *Leigh v. National Aeronautics & Space*

---

[2] To the extent a member of a limited liability company is also a limited liability company, that entity's membership must also be identified and the citizenship of each of its members considered. *See Glob. I Int'l LLC v. Exfuse, LLC*, No. 3:14-CV-3346-K, 2014 WL 12591888, at *1 (N.D. Tex. Nov. 20, 2014) ("Moreover, if any member of an LLC is itself a partnership, association, or another LLC, the Court must 'know the citizenship of each "sub-member" as well.'")).

*Admin.*, 860 F.2d 652, 653 (5th Cir.1988)). DTT and DTI have not questioned this Court's jurisdiction over the parties premised on diversity of citizenship, and there is nothing in the record to suggest that Endurance is not diverse from DTT and DTI. Thus, Endurance shall have ten (10) days from the entry of this Order and Reasons to amend its Complaint to properly allege the basis of this Court's subject matter jurisdiction or this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

### III. CONCLUSION

Accordingly;

For the reasons stated herein, Defendant Dual Trucking and Transport, L.L.C.'s "Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, Alternatively, for Lack of Proper Venue Based on Forum Non Conveniens" (Rec. Doc. 11) and Defendant Dual Trucking, Inc.'s "Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, Alternatively, for Lack of Proper Venue Based on Forum Non Conveniens" (Rec. Doc. 12) are **DENIED WITHOUT PREJUDICE**. Before this Court may address Defendants' arguments relevant to abstention and dismissal on *forum non conveniens* grounds, Endurance must properly allege and establish that this Court possesses subject matter jurisdiction over the instant matter.

Further, **IT IS ORDERED** that Endurance shall have ten (10) days from the entry of this Order and Reasons to amend its Complaint to properly allege the basis of this Court's subject matter jurisdiction or this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 11th day of April 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**