# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, <br>     Plaintiff | CIVIL ACTION |
| VERSUS | NO. 17-1293 |
| DUAL TRUCKING AND TRANSPORT, LLC ET AL., <br>     Defendants | SECTION: "E" (3) |

## ORDER AND REASONS

Plaintiff Endurance American Specialty Insurance Company ("Endurance") brings the instant suit against Defendants Dual Trucking and Transport, LLC ("DTT") and Dual Trucking, Inc. ("DTI"), seeking a declaratory judgment of its obligations to DTI and DTT under insurance policies Endurance issued to them.[1] Before the Court are motions to dismiss on abstention grounds or, in the alternative, on *forum non conveniens* grounds, filed by DTT[2] and DTI.[3] Endurance opposes these motions.[4] For the reasons that follow, Defendants' motions to dismiss on abstention grounds are **DENIED**. Defendants' motions in the alternative to dismiss on *forum non conveniens* grounds are construed as motions to transfer venue pursuant to 28 U.S.C. 1404(a) and **GRANTED**. The Court orders that the above-captioned case is **TRANSFERRED TO THE DISTRICT OF MONTANA, BILLINGS DIVISION**.

---

[1] R. Doc. 71.
[2] R. Doc. 50.
[3] R. Doc. 51.
[4] R. Doc. 52.

1

# BACKGROUND

Defendants DTI and DTT are defendants in two lawsuits in Montana state court alleging DTI and DTT operated a solid waste management system that introduced toxic and hazardous materials onto property they leased.[5] The lawsuits in Montana state court were commenced in 2014 and 2015.[6] DTI and DTT notified their insurer, Endurance, of the lawsuits pending against them, and Endurance is providing DTI and DTT a defense in both suits, subject to a reservation of rights.[7] Endurance is not a party to the lawsuits in Montana state court.[8]

Endurance insured DTI and DTT under separate but "substantially identical" pollution liability policies.[9] The policies state Endurance will indemnify DTI and DTT from damages "result[ing] from a pollution condition at any site" where DTI and DTT perform "contracting or remediation operations," subject to certain conditions and exclusions.[10] The policy excludes, among other categories of claims,

1) claims "arising from any insured [party]'s intentional willful or deliberate noncompliance with any statute [or] regulation";
2) claims "arising from an illegal, dishonest, fraudulent, criminal, or malicious act by any insured" party;
3) claims "arising out of any waste . . . transported, shipped or delivered, . . . to any location located beyond the boundaries of a site" where an insured party performs contracting or remediation; or
4) claims for "any property damage to any real or personal property that was owned . . . rented, occupied, or in the care, custody or control of any insured" party.[11]

---

[5] R. Doc. 37 at 9, ¶ 36; R. Doc. 41 at 5, ¶ 36; R. Doc. 42 at 5, ¶ 36. DTI and DTT are both defendants in one suit, and DTT is the sole defendant in the other. R. Doc. 37 at 9, ¶ 35; 11, ¶ 43; R. Doc. 41 at 5, ¶ 35; 6, ¶ 43; R. Doc. 42 at 5, ¶ 35; 6, ¶ 43.
[6] R. Doc. 37 at 9, ¶ 35; 11, ¶ 43; R. Doc. 41 at 5, ¶ 35; 6, ¶ 43; R. Doc. 42 at 5, ¶ 35; 6, ¶ 43.
[7] R. Doc. 37 at 13, ¶ 52; R. Doc. 41 at 7, ¶ 52; R. Doc. 42 at 7, ¶ 52.
[8] R. Doc. 50-1 at 5; R. Doc. 51-1 at 5.
[9] R. Doc. 37 at 13–14, ¶ 53–56; R. Doc. 41 at 8, ¶ 53–56; R. Doc. 42 at 7–8, ¶ 53–56.
[10] R. Doc. 37 at 14, ¶ 57; R. Doc. 41 at 8, ¶ 57; R. Doc. 42 at 8, ¶ 57.
[11] R. Doc. 37 at 18–19, ¶ 58 (italics omitted); R. Doc. 41 at 8, ¶ 58; R. Doc. 42 at 8, ¶ 58.

On February 14, 2017, Endurance filed the instant suit against DTI and DTT.[12] Endurance requests a declaratory judgment of its obligations to DTI and DTT under the insurance policies Endurance issued to them, and a judgment declaring Endurance owes them no defense or indemnity coverage in the lawsuits pending in Montana state court.[13]

On April 13, 2017, DTI and DTT filed separate but substantially identical motions to dismiss for lack of jurisdiction or, alternatively, for lack of proper venue.[14] On April 11, 2018, the Court issued an order finding deficient Endurance's jurisdictional allegations, granting Endurance leave to amend its complaint, and denying Defendants' motions without prejudice.[15] Endurance filed an Amended Complaint on April 23, 2018,[16] and a Second Amended Complaint on May 17, 2018.[17]

On July 9, 2018, DTI and DTT filed the instant motions,[18] in which they make arguments identical to those they made in their motions to dismiss of April 13, 2017.[19] Defendants argue abstention is warranted under *Brillhart v. Excess Ins. Co. of Am.*[20] because of the pending actions in Montana state court.[21] Defendants argue in the alternative that the Court should dismiss the case "for improper venue under the doctrine of *forum non conveniens*."[22] In the portion of their motions dealing with venue and *forum non conveniens*, Defendants request the Court "dismiss this case (or at least transfer it to Montana)," and cite 28 U.S.C. 1404(a), which governs venue transfer.[23] Several of the

---

[12] R. Doc. 1.
[13] *Id.*
[14] R. Docs. 11, 12.
[15] R. Doc. 22.
[16] R. Doc. 31.
[17] R. Doc. 37.
[18] R. Docs. 50, 51.
[19] Endurance opposed on July 17, 2018. R. Doc. 52.
[20] 316 U.S. 491 (1942).
[21] R. Docs. 11, 12.
[22] R. Doc. 50-1 at 8; R. Doc. 51-1 at 8.
[23] R. Doc. 50-1 at 8; R. Doc. 51-1 at 8.

cases Defendants cite deal with venue transfer, not dismissal.[24] As a result, the Court construes Defendants' motions to dismiss on *forum non conveniens* grounds as motions to transfer venue pursuant to 28 U.S.C. 1404(a).

On September 24, 2018, Endurance filed a Third Amended Complaint. On September 26, 2018, the Court ordered Endurance to amend its complaint to allege sufficiently the citizenship of DTT.[25] Endurance filed its Fourth Amended Complaint on October 3, 2018.[26] The claims in the Fourth Amended Complaint are substantially identical to the claims in the Second Amended Complaint.[27] As a result, the Court construes Defendants' motions to dismiss the claims in the Second Amended Complaint or, in the alternative, to transfer venue, as motions to dismiss the claims in the Fourth Amended Complaint or, in the alternative, to transfer venue.

## LAW AND ANALYSIS

The Court finds abstention is not warranted in this case. The case is justiciable, and the Court has authority to grant Plaintiff's request for declaratory relief. There is no parallel state action involving the same parties, and deciding this case would not implicate principles of federalism and comity, fairness concerns, or issues of judicial economy. As a result, the Court does not abstain.

The Court transfers this case to the District of Montana. The case could have been brought in Montana. Because the witnesses and evidence relevant to the factual issues in the case are in Montana, transfer serves the convenience of the parties and witnesses and the interests of judicial economy.

---

[24] R. Doc. 50-1 at 8–10; R. Doc. 51-1 at 8–10.
[25] R. Doc. 68.
[26] R. Doc. 71.
[27] *Compare id. with* R. Doc. 37.

4

## I. Abstention is not warranted under *Brillhart*.

The Declaratory Judgment Act[28] "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant."[29] "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[30] "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."[31] Although "the district court's discretion is broad, it is not unfettered."[32]

Courts in the Fifth Circuit engage in a three-step inquiry when considering a declaratory judgment suit. They determine: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action."[33]

### A. Because Louisiana law applies, this case is justiciable.

The Court finds there is a justiciable case or controversy between the parties in this case. "Where the Declaratory Judgments Act is invoked[,] the same jurisdictional requirements as to a case or controversy must be met as in other suits."[34]

---

[28] 28 U.S.C. § 2201(a).
[29] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).
[30] *Id.* at 286.
[31] *Id.* at 289.
[32] *Travelers Ins. Co. v. Louisiana Farm Bureau Federation*, 996 F.2d 774, 778 (5th Cir.1993).
[33] *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir.2000)).
[34] *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967) (citing *Altvater v. Freeman*, 319 U.S. 359 (1943)). The Supreme Court and the Fifth Circuit have held that an actual case or controversy existed in cases in which insurers brought declaratory judgment actions regarding their liability in pending underlying state court actions. *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 271–74 (1941) ("That the complaint in the instant case presents such a controversy is plain."); *Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 163 (5th Cir. 2015); *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x. 316, 318–19 (5th Cir.2006).

In *Ironshore Specialty Ins. Co. v. Tractor Supply Co.*,[35] the Fifth Circuit analyzed the justiciability of an insurer's declaratory judgment action under Texas law, which governed the insurance contract in the case.[36] Similarly, this Court turns to state law to determine whether the case is justiciable. The Court first addresses whether Montana or Louisiana law applies.

A federal court sitting in diversity applies the conflicts of law rules of the state in which it sits.[37] This Court applies Louisiana's choice-of-law rules. In *Champagne v. Ward*,[38] which has been adopted by the Fifth Circuit,[39] the Louisiana Supreme Court held that courts applying Louisiana conflicts of law rules must first determine whether Louisiana law differs from the law of the foreign state, then conduct a choice-of-law analysis as codified at Articles 3515 and 3537 of the Louisiana Civil Code.[40]

Montana and Louisiana law differ on whether this claim is justiciable. Under Montana law, an action by an insurer seeking a declaratory judgment on whether it owes an insured party a duty of indemnification is not justiciable before a finding of liability in the underlying suit.[41] Under Louisiana law, questions of indemnity may be determined before a finding of liability.[42] Because Montana and Louisiana law differ, the Court applies Louisiana's choice-of-law rules to determine which state's law applies.

---

[35] 624 F. App'x 159.
[36] *Id.* at 163.
[37] *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 512 (5th Cir. 2014) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)).
[38] 2003-3211 (La. 1/19/05), 893 So. 2d 773.
[39] *Abraham v. State Farm Mut. Auto. Ins. Co.*, 465 F.3d 609, 611 (5th Cir. 2006).
[40] *Champagne*, 893 So. 2d at 786.
[41] *See McFerrin v. United Specialty Ins. Co.*, No. 15-113, 2016 WL 4926136 at *2 (D. Mont. 2016) ("[L]iability of the insured must be established *before* a third-party claimant may file an action against an insurance carrier."); *Skinner v. Allstate Ins. Co.*, 329 Mont. 511, 515 (2015) ("Because [the court] did not resolve the issue of [the plaintiff's] liability, . . . [the defendant's] duty to indemnify was a non-justiciable question."). Under Montana law, an insurer's duty to defend an insured party does present a justiciable question. *Id.* at 516.
[42] *See AXA Re Prop. & Casualty Ins. Co. v. Day*, 162 F. App'x 316, 319 (5th Cir. 2006).

Louisiana's choice-of-law rules state that contracts are "governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue."[43] Article 3537, which governs conflicts of laws for conventional obligations, states a court should evaluate "the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state."[44] The Fifth Circuit has observed that "Louisiana courts generally choose the law of the state in which the insurance policy in question was issued to govern the interpretation of the terms of the policy."[45]

In *Champagne*, an insurance dispute relating to an automobile accident, the Louisiana Supreme Court weighed the interests of Louisiana, where the accident took place, against the interests of Mississippi, where the relevant insurance contract was negotiated and formed.[46] The court found Mississippi had "a more substantial interest in the uniform application of its laws governing insurance contracts" than Louisiana had in providing a remedy for accidents in Louisiana.[47]

In this case, Endurance represents "it is uncontested . . . the policy was issued in Louisiana."[48] As in *Champagne*, Louisiana has a substantial interest in the uniform application of its laws governing insurance contracts issued in this state. Montana has an

---

[43] La. C.C. arts. 3515, 3537.
[44] La. C.C. arts. 3537.
[45] *Woodfield v. Bowman*, 193 F.3d 354, 360 (5th Cir. 1999) (citing *Anderson v. Oliver*, 97-1102 (La. App. 3 Cir. 1/7/98), 705 So. 2d 301, 305–06; *Holcomb v. Universal Ins. Co.*, 640 So. 2d 718, 722 (La. Ct. App.)).
[46] *Id.* at 788–89.
[47] *Id.* at 789.
[48] R. Doc. 52 at 14.

interest in providing a remedy for torts that occur in Montana, but the particular dispute in this case involves the interpretation and enforcement of the policy issued in Louisiana. The Court finds Louisiana law applies. As a result, questions of indemnity may be determined before a finding of liability, and this case is justiciable.

### B. This Court has authority to grant Plaintiff declaratory relief.

In its Fourth Amended Complaint, Plaintiff has sufficiently alleged the citizenship of the parties and the amount in controversy.[49] The parties are completely diverse, and the amount-in-controversy requirement is met. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

Even when a district court has jurisdiction over a case, it does not have authority to grant declaratory relief when

1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff,
2) the state case involves the same issues as those involved in the federal case, and
3) the district court is prohibited from enjoining the state proceedings under the Anti–Injunction Act.[50]

These factors do not apply in this case. Defendants DTI and DTT have not filed suit against Plaintiff Endurance in state court. The cases in Montana state court do not involve the scope of Endurance's insurance agreement with DTI and DTT, which is the issue involved here.

The Anti-Injunction Act does not prevent the Court from granting declaratory relief in this case. The Anti-Injunction Act forbids district courts from "grant[ing] an

---

[49] R. Doc. 71.
[50] *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993) (citing *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir.1988) (en banc), *cert. denied*, 490 U.S. 1035, (1989)).

injunction to stay proceedings in a State court."[51] Issuing a declaratory judgment in this case would not enjoin the proceedings in Montana State Court. As a result, the Anti-Injunction Act does not apply, and the Court has authority to grant declaratory relief.

### C. The *Trejo* factors, which govern the Court's exercise of discretion to dismiss the action, weigh against dismissal.

Because this case is justiciable and the Court has authority to grant declaratory relief, the Court must decide whether to exercise its discretion to abstain.[52] In a declaratory judgment action, a district court's decision to abstain is governed by the standard the Supreme Court announced in *Brillhart v. Excess Ins. Co. of Am.*[53] In *St. Paul Ins. Co. v. Trejo*,[54] the Fifth Circuit interpreted and restated the *Brillhart* standard, requiring district courts deciding whether to abstain to consider:

1) whether there is a pending state action in which all of the matters in controversy may be fully litigated,
2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant,
3) whether the plaintiff engaged in forum shopping in bringing the suit,
4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist,
5) whether the federal court is a convenient forum for the parties and witnesses,
6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and
7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[55]

---

[51] 28 U.S.C. § 2283.
[52] *Sherwin-Williams*, 343 F.3d at 387.
[53] 316 U.S. 491 (1942); *see Wilton*, 515 U.S. at 289–90.
[54] 39 F.3d 585 (5th Cir. 1994).
[55] *Id.* at 590–91.

9

The Fifth Circuit has explained that the seven *Trejo* factors address the three aspects of the *Brillhart* standard: "the proper allocation of decision-making between state and federal courts," fairness, and efficiency.[56]

In cases in which there is parallel litigation in state court, the first and seventh factors require a court to consider the concerns of federalism and comity.[57] In this case, Endurance is not a party to the actions pending in Montana state court, and those proceedings do not involve the insurance coverage disputes at issue in the instant action. The Montana state court cases are not parallel to the instant action. When there is no parallel state court litigation, a court considers the "impact of the absence of any pending state court action" between the parties as a "threshold issue."[58] In *Sherwin-Williams v. Holmes Cty.*, the Fifth Circuit held that although "[t]he lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action, . . . it is a factor that weighs strongly against dismissal."[59] The absence of state court cases parallel to this action weighs strongly against dismissal.

The Court turns to the second through fourth factors, which implicate fairness considerations.[60] Defendants do not argue that Endurance filed this suit in anticipation of a lawsuit filed by Defendants. Defendants' motions contain no allegation that Endurance's filing suit in a Louisiana federal court was unfair.[61] The fairness considerations weigh against dismissal.

---

[56] *Sherwin-Williams*, 343 F.3d at 390–91.
[57] *Id.* at 392.
[58] *Id.*
[59] *Id.* at 394.
[60] *Id.* at 391.
[61] Defendants' motions confuse the fairness factors with concerns of judicial economy. R. Doc. 50-1 at 6, 51-1 at 6 ("Even assuming that Plaintiff has no intent to gain an unfair advantage by filing in federal court, the fairness concerns still favor abstention because Plaintiff chose to file a declaratory action in federal court instead of state court where the coverage issue could be handled alongside the underlying litigation.").

In considering the fifth factor, whether the federal court is a convenient forum for the parties and witnesses, the Fifth Circuit generally considers the distance between the federal district court and the defendants in the state.[62] The distance between the Defendants and the federal courthouse for the Eastern District of Louisiana is not an inconvenience in this case.[63] In their motions, Defendants argue the Eastern District of Louisiana is an inconvenient forum because the case should be litigated in Montana.[64] The alleged inconvenience of litigating in Louisiana, not Montana, has no bearing on the *Trejo* factor inquiry of whether litigating in federal court, rather than state court, inconveniences the parties and witnesses. This factor weighs against dismissal.

The sixth factor, whether retaining the lawsuit in federal court would serve the purposes of judicial economy, also requires the Court to consider the interest of judicial efficiency.[65] "[E]fficiencies may result from litigating issues pertinent to multiple potential claims against a defendant in one federal forum, as opposed to a number of state courts."[66] In this case, there are two pending state court cases in which the underlying factual issues are being litigated. The insurance coverage issues involve two substantially identical contracts and one factual situation. Deciding these issues in one federal forum instead of two state fora promotes judicial efficiency. This factor weighs against dismissal.

---

[62] *See, e.g.*, *Sherwin-Williams*, 343 F.3d at 400 (finding that requiring a defendant to travel from the Northern District of Mississippi to the federal district court for the Southern District of Mississippi in Jackson, Mississippi, not "unduly burdensome"); *Dow Agrosciences v. Bates*, 332 F.3d 323, 328 (5th Cir. 2003) (finding the Lubbock Division of the Northern District of Texas not inconvenient for twenty-nine defendants, over half of whom lived in other Divisions of the same district).

[63] Plaintiff alleges Defendants maintain offices in Lafayette and Terrebonne Parishes. R. Doc. 71 at 11–12. Although Lafayette Parish is outside the Eastern District of Louisiana, the Court finds the distance between Defendants and New Orleans is not sufficient to make it inconvenient for Defendants to be required to litigate in this Court.

[64] R. Doc. 50-1 at 6, R. Doc. 51-1 at 6.

[65] *Sherwin-Williams*, 343 F.3d at 391.

[66] *Id.* at 400.

The Court finds all the *Trejo* factors weigh against abstention. As a result, the Court denies Defendants' motions to abstain.

## II. The Court has discretion to transfer venue pursuant to 28 U.S.C. 1404(a).

28 U.S.C. § 1404(a) provides, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[67] "[T]he purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"[68] Courts applying § 1404(a) first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."[69] The court then considers a "number of private and public interest factors, none of which are given dispositive weight," to determine whether transfer serves the convenience of the parties and witnesses.[70]

### A. This suit could have been brought in the United States District Court for the District of Montana.

The Court first determines whether the District of Montana is a forum where the case "might have been brought."[71] The Supreme Court has held this refers to federal laws about venue and jurisdiction, not to "laws of the transferee State concerning the capacity of [the plaintiffs] to bring suit."[72] As a result, this Court need not determine whether this suit would have presented justiciable claims had it been brought it Montana. The Court

---

[67] 28 U.S.C. § 1404(a).
[68] *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge F.B.L.—585*, 364 U.S. 19, 26 (1960)).
[69] *In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir. 2003)).
[70] *Id.* (citations omitted).
[71] 28 U.S.C. § 1404(a).
[72] *Van Dusen v. Barrack*, 376 U.S. 612, 624 (1964)

12

need only determine whether the United States District Court for the District of Montana would have had personal jurisdiction over Defendants and whether venue would have been proper had this case been brought there.

      i.    <u>The United Stated District Court for the District of Montana would have had personal jurisdiction over Defendants.</u>

The United States District Court for the District of Montana may exercise personal jurisdiction over defendants within the jurisdiction of Montana state courts.[73] Montana state courts apply a two-step test to determine whether they may exercise personal jurisdiction over a nonresident defendant.[74] They "first determine whether personal jurisdiction exists under Rule 4(b)(1) of the Montana Rules of Civil Procedure, . . . [then] whether the exercise of personal jurisdiction conforms with 'the traditional notions of fair play and substantial justice embodied in the due process clause.'"[75]

Rule 4(b)(1) of the Montana Rules of Civil Procedure subjects "[a]ll persons found within the state of Montana" to the *general* jurisdiction of the Montana courts.[76] Defendants are "found" within Montana if their "activities are 'substantial' or 'systematic and continuous.'"[77] Rule 4(b)(1) subjects any person to the *specific* jurisdiction of the Montana courts "as to any claim for relief arising from the doing personally, or through an employee or agent, of any of the following acts: (A) the transaction of any business within Montana; (B) the commission of any act resulting in accrual within Montana of a

---

[73] *McGee v. Riekhof*, 442 F. Supp. 1276, 1277 (D. Mont. 1978) (citing FED. R. CIV. P. 4(e); *Wright v. Yackley*, 459 F.2d 287, 288 (9th Cir. 1972)).
[74] *Tackett v. Duncan*, 2014 MT 253, ¶ 22, 376 Mont. 348, 334 P.3d 920.
[75] *Milky Whey, Inc. v. Dairy Partners, LLC*, 2015 MT 18, ¶ 18, 378 Mont. 75, 80, 342 P.3d 13, 17 (citing *Cimmaron Corp. v. Smith*, 2003 MT 73, ¶ 10, 315 Mont. 1, 67 P.3d 258).
[76] *See id.* (quoting M.R.C.P. 4(b)(1)).
[77] *Edsall Const. Co. v. Robinson*, 246 Mont. 378, 382 (1991) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

tort action; (C) the ownership, use, or possession of any property, or of any interest therein, situated within Montana."[78]

Defendants in this case leased property and transacted business in Montana over the course of several years.[79] Their activities were substantial, systematic, and continuous, and they are, as a result, subject to general personal jurisdiction in Montana. Even if Defendants are not subject to *general* personal jurisdiction in Montana, they are subject to *specific* personal jurisdiction under Rule 4(b)(1) of the Montana Rules of Civil Procedure. Endurance's declaratory judgment action arises out of Defendants' transacting business in Montana, Defendants' actions that resulted in two Montana state court actions, and Defendants' use of property in Montana. As a result, Defendants fall within the scope of Montana's long-arm statute.

The Court turns to the second prong of the personal jurisdiction analysis: whether a Montana court's exercise of jurisdiction exceeds the boundaries of the Due Process Clause of the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment "operates to limit the power of a State to assert *in personam* jurisdiction over a nonresident defendant."[80] For a court's exercise of personal jurisdiction over a non-resident defendant to be constitutional under the Due Process Clause, courts in the Ninth Circuit apply the following three-part test:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of

---

[78] M.R.C.P. 4(b)(1).
[79] R. Doc. 37 at 9, ¶ 36; R. Doc. 41 at 5, ¶ 36; R. Doc. 42 at 5, ¶ 36.
[80] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14 (1984).

jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.[81]

"The purposeful availment prong of the minimum contacts test requires a 'qualitative evaluation of the defendant's contact with the forum state' . . . to determine whether [the defendant's] conduct and connection with the forum [s]tate are such that [the defendant] could reasonably anticipate being haled into court there."[82]

Defendants conducted business in Montana for years. They could have reasonably anticipated being haled into court there in connection with their activities. In fact, they are currently involved in litigation as defendants in Montana state court.[83] Defendants purposefully availed themselves of the benefits of doing business in Montana. The insurance contract dispute arises out of and relates to Defendants' activities in Montana. A Montana court's exercising jurisdiction over the Defendants comports with traditional notions of fair play and substantial justice.

As a result, had this case been brought in the United States District Court for the District of Montana, that court would have had personal jurisdiction over Defendants.

    ii.    <u>Venue is proper in the District of Montana.</u>

Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."[84] Although the insurance contract was issued in Louisiana, all the events giving rise to the insurance

---

[81] *Core–Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1485 (9th Cir.1993) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir.1987)).
[82] *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003) (citing *Lake*, 817 F.2d at 1421; *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).
[83] R. Doc. 37 at 9, ¶ 36; R. Doc. 41 at 5, ¶ 36; R. Doc. 42 at 5, ¶ 36.
[84] 28 U.S.C. § 1391(b)(2).

dispute at issue occurred in Montana. As a result, venue would have been proper in the District of Montana.

This case could have been brought in the United States District Court for the District of Montana because that court would have had personal jurisdiction over Defendants, and venue would have been proper.

### B. Transfer serves the convenience of the parties and witnesses.

28 U.S.C. § 1404(a) requires district courts to consider "the convenience of the parties and witnesses" in deciding whether to transfer venue.[85] *In re Volkswagen AG* enumerates several "private and public interest factors, none of which are given dispositive weight." [86] As private factors, the Fifth Circuit listed:

(1) the relative ease of access to sources of proof;
(2) the availability of compulsory process to secure the attendance of witnesses;
(3) the cost of attendance for willing witnesses; and
(4) all other practical problems that make trial of a case easy, expeditious and inexpensive.[87]

As public factors, the court listed:

(1) the administrative difficulties flowing from court congestion;
(2) the local interest in having localized interests decided at home;
(3) the familiarity of the forum with the law that will govern the case; and
(4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.[88]

The Court finds the private concerns weigh heavily in favor of transfer. *Interpreting* the contractual language of the pollution liability policies Endurance issued DTI and DTT admittedly does not require extensive access to sources of proof or witness

---

[85] 28 U.S.C. § 1404(a).
[86] *In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).
[87] *Id.*
[88] *Id.*

16

testimony.[89] However, determining whether Endurance owes Defendants a duty of indemnity requires extensive factfinding because the court before which the matter is litigated must apply the contractual language to the facts of the insurance claim. The pollution liability policy does not insure claims arising from Defendants' intentional "willful or deliberate noncompliance with any statute or regulation," from Defendants' "illegal, dishonest, fraudulent, criminal, or malicious" acts, from Defendants' transporting waste "to any location located beyond the boundaries" of a contracting site, or from property damage to property Defendants owned, rented, occupied, or controlled.[90] Determining whether these exclusions apply requires factfinding relating to DTI and DTT's Montana operations. The sources of proof for these factual issues are in Montana, as are the witnesses who can testify to these issues. A federal court in Montana can issue subpoenas to witnesses in Montana,[91] and attendance would be much less costly and more convenient for witnesses.

The public factors do not weigh heavily in either direction. The parties have not indicated, and this Court is not aware of, any difficulties from court congestion in the federal district court for the District of Montana. There is no difficulty from court congestion in the Eastern District of Louisiana.

This case would raise conflicts of laws issues in either forum. In *Van Dusen v. Barrack*, the Supreme Court stated that "the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue.

---

[89] *See* La. Civ. Code art. 2046 ("When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.").
[90] R. Doc. 37 at 18–19, ¶ 58 (italics omitted); R. Doc. 41 at 8, ¶ 58; R. Doc. 42 at 8, ¶ 58.
[91] Rule 45(c)(1) limits a federal court's power to issue a subpoena commanding a witness to appear to witnesses who work, reside, or regularly transact business either in the state where the court sits or within 100 miles of the court. The Fifth Circuit considers this 100-mile rule probative to the venue transfer inquiry. *See In re Volkswagen AG*, 371 F.3d at 204, n.3. In this case, the federal district court in Montana

17

A change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms."[92] In interpreting the insurance policy, the transferee federal district court in Montana will apply Louisiana law, which is the same law this Court would have applied. The fact the Montana court must apply unfamiliar foreign law may seem to weigh against transferring the case to the District of Montana. However, if this Court does not transfer the case, it will need to apply Montana law to determine whether Defendants engaged in "willful or deliberate noncompliance with any statute or regulation" and whether their conduct was "illegal, dishonest, fraudulent, criminal, or malicious," both of which preclude indemnification.[93] Because either court must apply Louisiana law to the contract and Montana law to determine the scope of Endurance's duty of indemnification, this factor does not weigh heavily for or against transfer.

Louisiana has an interest in having localized interests decided at home. Because the transferee court in Montana will apply Louisiana law, that court is capable of ensuring Louisiana's interest is upheld.

Because the private concerns strongly support transferring venue to the District of Montana, and the public concerns do not weigh heavily for or against transfer, this Court grants Defendants' motion to transfer. Plaintiff represents the underlying state court cases are pending in Wolf Point, Montana.[94] The nearest division of the United States District Court for the District of Montana is located in Billings, Montana. As a result, the Court transfers this case to the Billings Division of the United States District Court for the District of Montana.

---

[92] *Van Dusen*, 376 U.S. 612, 639 (1964).
[93] R. Doc. 37 at 18–19, ¶ 58 (italics omitted); R. Doc. 41 at 8, ¶ 58; R. Doc. 42 at 8, ¶ 58.
[94] R. Doc. 52 at 23.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motions to Dismiss on Abstention Grounds filed by Defendants Dual Trucking and Transport, LLC[95] and Dual Trucking, Inc.[96] be and hereby are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motions in the alternative to dismiss on *forum non conveniens* grounds are construed as motions to change venue pursuant to 28 U.S.C. 1404(a) and **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned case is **TRANSFERRED TO THE DISTRICT OF MONTANA, BILLINGS DIVISION**.

New Orleans, Louisiana, this 22nd day of October, 2018.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[95] R. Doc. 50.
[96] R. Doc. 51.